1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRETT J. BALL,

     Plaintiff,

v.

WELLS FARGO & COMPANY, *et al*.,

     Defendants.

Case No. 2:11-CV-00533-KJD-CWH

**ORDER**

     Before the Court is the Motion to Dismiss (#5) filed by MTC Financial, Inc. ("MTC") and the Motion to Dismiss and to Expunge Lis Pendens (#6) filed by Wells Fargo Bank N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems ("MERS").   Plaintiff filed oppositions to these Motions (## 9, 10) and the moving parties filed replies (## 13, 15).   Plaintiff also filed a Request for Judicial Notice (#17).   MTC filed a Motion to Strike the Request for Judicial Notice (#18).   The Court rules on these Motions together herein.

I. Request for Judicial Notice and Motion to Strike

     As an initial matter, the Court considers whether Plaintiff's Request for Judicial Notice (#17) is valid or should be stricken.   The Request for Judicial Notice contains numerous documents including legislation, bills, briefs from other cases, and judicial opinions.   Plaintiff purports to provide "highlights" from these documents in his Request.   Defendant MTC filed a Motion to Strike

1    (#18), arguing that the Request for Judicial Notice constituted an impermissible supplemental

2    response to the Motions to Dismiss.  Plaintiff did not oppose MTC's Motion to Strike.  The Request

3    for Judicial Notice constitutes an unauthorized supplemental pleading, and Plaintiff has failed to

4    oppose the Motion to Strike.  Accordingly, Defendant MTC's Motion to Strike is granted and

5    Plaintiff's Request for Judicial Notice is denied.

6    II. Background

7         On November 30, 2001, Plaintiff purchased real property at 10316 Sweet Fennel Drive, Las

8    Vegas, NV 89135 (the "Property").  This purchase was financed with a $275,000 loan secured by a

9    Deed of Trust.[1]  In July, 2003 Plaintiff refinanced the first loan by obtaining a loan from Capitol

10   Commerce Mortgage Co. ("Capitol") for $280,000, secured by a Deed of Trust.  On this Deed of

11   Trust, Plaintiff is listed as borrower, Capitol is lender and trustee, and MERS is the beneficiary as

12   nominee for the lender.  On July 1, 2010 MERS as nominee for Capitol, executed an Assignment of

13   Deed of Trust, transferring all beneficial interest in that Deed of Trust to Wells Fargo.

14        Plaintiff obtained a second loan for $171,000 secured by the Property.  U.S. Bank N.A. was

15   the lender on the second loan.  In 2006, Plaintiff obtained a third loan for $296,000, also secured by

16   the Property.  Bank of America, N.A. was the lender for the third loan.  The total encumbrance on the

17   property is currently $747,000.

18        On July 12, 2010, a Notice of Breach and Default and Election to Sell was filed indicating

19   that Plaintiff had failed to pay his mortgage.  Plaintiff waived his right to mediation.  On February 9,

20   2011 the trustee recorded a Notice of Trustee's Sale for March 4, 2011.  On March 1, 2011 Plaintiff

21   filed an action in Clark County District Court.  The action was removed to federal court on April 8,

22   2011.

23

24

25        [1] The Court takes judicial notice of documents that are not subject to reasonable dispute and are in the public
     record, pursuant to Fed. R. Evid. 201. Consideration of these documents is appropriate at the motion to dismiss stage.
26   See Branch v. Tunnell, 14 F3d 449, 454 (9th Cir. 1994).

1    Plaintiff's complaint asserts claims for relief for wrongful foreclosure, civil conspiracy, and

2  quiet title.

3  III. Analysis

4    A.  Legal Standard for Motion to Dismiss

5    The Federal Rules of Civil Procedure and federal pleading standards apply in a Federal Court.

6  See Fed. R. Civ. P. 81(c)(1).  In considering a motion to dismiss for failure to state a claim under

7  FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a

8  light most favorable to the non-moving party."  Wyler Summit Partnership v. Turner Broadcasting

9  System, Inc., 135 F.3d 658, 661 (9th Cir.1998).  Consequently, there is a strong presumption against

10  dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246,

11  249 (9th Cir.1997) (citation omitted).  "To survive a motion to dismiss, a complaint must contain

12  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

13  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,

14  570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded

15  facts which allow "the court to draw the reasonable inference that the defendant is liable for the

16  misconduct alleged." Id.  The Iqbal evaluation illustrates a two prong analysis.  First, the Court

17  identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is,

18  those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51.

19  Second, the Court considers the factual allegations "to determine if they plausibly suggest an

20  entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims

21  survive the motion to dismiss. Id. at 1950.

22    B.  Wrongful Foreclosure

23    Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender

24  wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner

25  was not in default on the mortgage loan. See Collins v. Union Federal Sav. & Loan Ass'n, 99 Nev.

26  284, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact

1   about whether nonpayment was appropriate).  Proper foreclosure procedures must be followed or the

2   sale will be invalid.  See Rose v. First Fed. Sav. and Loan, 105 Nev. 454, 777 P.2d 1318 (1989)

3   (trustee's sale invalid where notice requirements not satisfied).

4           Plaintiff's complaint does not contain facts supporting a claim for wrongful foreclosure.  As

5   an initial matter, the foreclosure had not occurred when Plaintiff filed his Complaint.[2]  A claim for

6   wrongful foreclosure prior to sale is not actionable.  See Haley v. Elegen Home Lending, LP, 2010

7   WL 1006664, *2 (D.Nev. 2010) (citing Id.)  Even if the Complaint had been filed after the sale,

8   Plaintiff does not aver that he was current on his mortgage.  The moving defendants have submitted

9   judicially noticeable documents showing that Plaintiff is in default.  (#7, Exhs. 8,9).  Plaintiff argues

10  that these judicially noticeable documents fail to supply sufficient proof of a default. ( #10 Opp. at

11  9:9-11.) However, at the pleading stage, Plaintiff is obligated to plead facts showing that he is

12  entitled to relief.  Iqbal, 129 S.Ct. at 1951.  Plaintiff has not pled facts showing that he is not in

13  default, which is a prerequisite to a claim for wrongful foreclosure in Nevada.  Collins, 662 P.2d at

14  623.

15          Plaintiff's complaint avers that no beneficiary can claim default since only secondary market

16  investors are owed payments on the note.  (Compl. ¶ 27).  This type of speculative pleading is

17  insufficient under the standards of Iqbal.  Plaintiff's assertion that securitization of the loan somehow

18  relieves him of an obligation to pay is unrecognized in law.  See, e.g., Chavez v. California

19  Reconveyance Co., 2010 WL 2545006, 2 (D.Nev. 2010) (rejecting identical argument because "NRS

20  107.080 does not forbid the securitization of a loan.").  Plaintiff's remaining arguments for relief,

21  including that he is the intended beneficiary of federal bank bailouts, the inapplicability of the

22  National Bank Act, and breach of agreement to which he was not a party, are unsupported by

23  controlling authority.  Accordingly, Plaintiff's claim for wrongful foreclosure fails.

24

25  _____

26          [2] Plaintiff has provided documentation of a foreclosure sale on March 4, 2011.  Defendant failed to supplement his complaint in compliance with Fed. R. Civ. P 15(d).

4

1   C. Civil Conspiracy

2        To state a claim for conspiracy, Plaintiff must demonstrate  a combination of two or more

3   persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose

4   of harming another, and that damage has resulted from said act or acts.  See Hilton Hotels Corp. v.

5   Butch Lewis Prods., Inc., 862 P.2d 1207, 1210 (Nev. 1993).  A plaintiff pleading conspiracy must

6   plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the

7   existence of a conspiracy.  Twombly 550 U.S. at 556.   To properly plead a claim for civil

8   conspiracy, a plaintiff must set forth facts showing: (1) the commission of an underlying tort; and (2)

9   an agreement between the defendants to commit that tort. GES, Inc. v. Corbitt, 117 Nev. 265, 21

10   P.3d 11, 15 (Nev.2001).  Further, the cause of action must be pled with particular specificity as to

11   "the manner in which a defendant joined in the conspiracy and how he participated in it." Arroyo v.

12   Wheat, 591 F.Supp. 141, 144  (D.Nev.1984).

13        Here, Plaintiff's allegations are entirely based on the wrongful foreclosure claim which has

14   been dismissed, *supra*.  Plaintiff also has failed to plead with the requisite particularity how each

15   defendant joined and participated in the alleged conspiracy.  (Compl. ¶ 69.)  Plaintiff's claim of civil

16   conspiracy lacks an underlying tort, is insufficiently particular, and fails to state a claim.

17   Accordingly, the civil conspiracy claim is dismissed.

18        D.  Quiet Title

19        Under Nevada law, a quiet title action may be brought by someone who claims an adverse

20   interest in property. N.R.S. 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff

21   to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996).

22   Specifically, when an adverse claim exists, the party seeking to have another party's right to property

23   extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v.

24   Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985).  Courts of this District have held that an

25   action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal

26

1   theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011)

2   (internal quotation marks omitted).

3        Plaintiff claims that the quiet title action "would go a long way toward determining the real

4   parties in interest and who has standing to do what."  (#10 Opp. at 21:4-5).  However, Plaintiff has

5   not provided any evidence that he has discharged the debt owed on the three mortgages encumbering

6   the Property and, accordingly, cannot quiet title.  See Fuleihan v. Wells Fargo, 2010 WL 3724186 at

7   *5 (D.Nev. 2010) (a borrower cannot quiet title to a property without discharging any debt owed).

8   Further, Plaintiff's basis for claiming title to the property is that securitization somehow altered his

9   obligation to pay his mortgage.  This argument is incorrect.  Chavez, 2010 WL 2545006 at 2.

10  Accordingly, the quiet title claim fails.

11       E. Expungement of Lis Pendens

12       NRS § 14.010 allows a Notice of Pendency or a Lis Pendens to be filed for an action pending

13  in the United States District Court for the District of Nevada when there is "a notice of an action

14  affecting real property, which is pending," in any such court. NRS § 14.010(2). Since all defendants

15  have been dismissed, there is no pending action. Accordingly, expungement of the lis pendens is

16  appropriate.

17       F.  Leave to Amend

18       If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave

19  to amend. Courts should "freely give" leave to amend when there is no "undue delay, bad faith[,]

20  dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the

21  amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178,

22  182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear

23  that the deficiencies of the complaint cannot be cured by amendment. See DeSoto v. Yellow Freight

24  Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992).

25       The Court has doubts that the defects in Plaintiff's Complaint can be cured by amendment.

26  However, considering the generous standards of the Federal Rules, the Court will not preclude

6

1   amendment of the Complaint.  If Plaintiff decides to file an amended Complaint, it must comply in

2   every respect with the Federal Rules of Civil Procedure.  Any amended Complaint should be filed on

3   or before Wednesday, November 2, 2011.  Failure to file in accordance with this Order will result in

4   dismissal without leave to amend.

5   IV.  Conclusion

6          **IT IS HEREBY ORDERED THAT** the Motion to Dismiss (#5) filed by MTC Financial,

7   Inc. is **GRANTED**.

8          **IT IS FURTHER ORDERED THAT** the Motion to Dismiss and to Expunge Lis Pendens

9   (#6) filed by Wells Fargo Bank N.A. and Mortgage Electronic Registration Systems is **GRANTED**.

10          **IT IS FURTHER ORDERED THAT** Plaintiff's Request for Judicial Notice (#17) is

11   **DENIED**.

12          **IT IS FURTHER ORDERED THAT** MTC's Motion to Strike the Request for Judicial

13   Notice (#18) is **GRANTED**.

14          **IT IS FURTHER ORDERED THAT** Wells Fargo's Emergency Motion to Extend Time to

15   File Reply (#13) is **GRANTED** *nunc pro tunc*.

16          **IT IS FURTHER ORDERED THAT** Plaintiff may file an amended complaint that

17   complies in every respect with the Federal Rules of Civil Procedure by November 2, 2011. Failure to

18   do so will result in dismissal of the action without further leave to amend.

19          DATED this 19th day of October 2011.

20

21

22   _____

23   Kent J. Dawson
     United States District Judge

24

25

26